UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK BRADFORD,

    Plaintiff,                         CIVIL ACTION NO. 08-CV-10600

v.                                    DISTRICT JUDGE ANNA DIGGS TAYLOR

PATRICIA L. CARUSO          MAGISTRATE JUDGE DONALD A. SCHEER
BLAINE LAFLER,
JOHN KELLY, and
WILLIAM ANDERSON,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be GRANTED, as Plaintiff has shown no violation of his constitutional rights by an alleged interference with his right to exercise religious freedom.

\*   \*   \*

Plaintiff, while incarcerated at the Alger Maximum Correctional Facility (LMF),[1] in Munising, Michigan, was allowed to proceed *in forma pauperis* and filed the instant Complaint against the above named Defendants, pursuant to 42 U.S.C. § 1983, on February 11, 2008. Patricia Caruso is the Director of the Michigan Department of Corrections (MDOC), Blaine Lafler is the Warden at the St.Louis Correctional Facility (SLF) in St. Louis, Michigan, and William Anderson and John Kelly are resident unit managers at SLF. Plaintiff sues the defendants in their personal and official capacities for monetary and injunctive relief. The Court dismissed Defendant Caruso from the lawsuit on March 3, 2008 (Docket #4).

---

[1]Plaintiff remains incarcerated at LMF.

The complaint alleges that Plaintiff is a devout Jew and requires a kosher diet. He received a kosher diet while he was confined at SLF. On February 9, 2006, Defendants Lafler, Anderson and Kelly allegedly transferred Plaintiff from SLF to Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. Plaintiff claims that he was forced to go without food for nine days, because kosher meals are not served at IBC. Plaintiff was sent back to SLF and resumed eating kosher foods. However, on May 9, 2006, he was transferred to Baraga Maximum Correctional Facility (AMF) in Baraga, Michigan. Before the actual transfer, Defendant Kelly allegedly assured Plaintiff that he would receive kosher meals at AMF. Plaintiff alleges that he did not eat for ten days at AMF, because kosher meals were unavailable. Plaintiff asserts that he lost 19 pounds, and that he suffered physical problems and emotional distress as a result of the deprivation of kosher food.

Defendants filed a Motion for Summary Judgment on May 5, 2008, on the grounds of qualified immunity and failure to state a claim of constitutional dimension. Plaintiff filed a response to Defendants' Motion for Summary Judgment on May 27, 2008, essentially reiterating the allegations in his Complaint.

This civil rights action should be dismissed for a number of reasons. First, a prisoner has no independent constitutional right to confinement in a particular place, Olim v. Wakinekona, 461 U.S. at 245, and has no right to be transferred to a prison facility of his choice. Hewitt v. Helms, 459 U.S. at 468 (transfer of an inmate to less amendable and more restrictive quarters is well within the terms of confinement ordinarily contemplated by a prison sentence); Newell v. Brown, 981 F.2d 880 (6th Cir. 1992) (MDOC procedures for prisoner security classification did not create a constitutionally protected liberty interest).

Due process does not require that a prisoner be given a hearing before a placement or classification change is ordered, even if such action might result in confinement under less desirable or favorable conditions. Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Plaintiff has identified no state created, protected liberty interest entitling him to a hearing to challenge his transfer to another correctional facility. Hewitt v. Helms, 459 U.S. 460, 466 (1983).

Plaintiff's complaint alleges a constitutional deprivation of a religious diet during two discrete time periods. Plaintiff does not allege in the complaint that any of the defendants intentionally transferred him in retaliation for some protected conduct. While the Fourteenth Amendment prohibits a state from making a law prohibiting the free exercise of religion, Cruz v. Beto, 405 U.S. 319, 322 (1972), a prisoner's exercise of constitutional rights can be limited by the fact of incarceration itself and by valid penological objectives, which include deterrence of crime, rehabilitation of prisoners, and institutional security. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Thus, while prisoners retain their First Amendment right to exercise their religious beliefs, this right must be consistent with their status as inmates at a prison facility. Hudson v. Palmer, 468 U.S. 517 (1984).

In the instant case, Plaintiff was briefly transferred on two occasions to prisons that did not offer kosher meals. Both times he was promptly transferred to prisons that did serve kosher meals. Plaintiff has failed to demonstrate that the time it took to transfer him back was unreasonable. The MDOC has no regulation prohibiting Plaintiff from exercising his religious beliefs. Prison policy, in fact, allows Jewish prisoners to receive kosher meals, but not all prisons can provide such meals given the costs associated with preparing kosher

3

food.  Defendants are entitled to summary judgment because a temporary, accidental deprivation of kosher meals does not violate the First Amendment.

Alternatively, Plaintiff has failed to allege that any of the named Defendants were personally involved.  The general rule is that, to state a claim for monetary damages under § 1983, a claimant must aver some specific, personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976).  The three remaining Defendants were apparently sued because of their respective positions of authority and administrative responsibilities within SLF.  However, the mere fact that a supervisory person is in a position of authority does not allow imposition of liability against him or her. A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it."  Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988).     Here, Plaintiff does not allege that any of the named Defendants were directly involved in any decision to transfer him in order to deprive him of kosher meals, nor does he allege any facts sufficient to hold the Defendants liable as supervisors.  As a result, these Defendants should not be held liable absent allegations that they were personally or directly involved.

To the extent that Plaintiff complains that Warden Lafler, or any other Defendant, failed to adequately respond to his grievance, the general rule is that a combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983. Poe v. Hayden, 853 F.2d at 429.  Consequently, the claims against the above named Defendants should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

4

Finally, Plaintiff seeks thousands of dollars in compensatory and punitive damages due the to mental anguish he suffered as a result of the defendants' alleged conduct. The Prison Litigation Reform Act specifically prohibits monetary damages solely for emotional distress.

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a showing of physical injury.
>
> 42 U.S.C. § 1997e(e)

Other than the loss of weight, the Complaint alleges only emotional injuries stemming from the defendants' alleged misconduct. Since Plaintiff has not alleged any physical injuries, his claim for monetary damages is barred by § 1997e(e).

For all of the foregoing reasons, then, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant Complaint dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Taylor's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: July 7, 2008

---

**CERTIFICATE OF SERVICE**

I hereby certify on July 7, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 7, 2008. **Derrick Bradford.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217